NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| RENE KENT, | : | **Hon. Dennis M. Cavanaugh** |
| | : | **OPINION** |
| Plaintiff, | : | |
| | : | Civil Action No. 08-CV-1781 (DMC) |
| v. | : | |
| | : | |
| KATHY BORG, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendant John E. Potter's ("Potter") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Defendant Kathleen Borg ("Borg," and collectively, with Potter, "Defendants") joins in Potter's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion to dismiss is **granted**.

I.  BACKGROUND[1]

Plaintiff Rene Kent ("Plaintiff") alleges that Borg, a Human Resources Specialist with the United States Postal Service, and Potter, Postmaster General, are liable to Plaintiff for damages based upon an alleged breach of contract. Potter removed the current action to this Court.

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

On February 29, 2008, Plaintiff commenced this action *pro se* in the Superior Court of New Jersey. The Complaint includes a section in which the plaintiff is asked to "Type or print the reasons you, the Plaintiff(s), are suing the Defendant(s)," wherein Plaintiff alleges:

> There is a strict timeline of 37 days to process a test score for an employee according to USPS regulations in MSS EL-304, USPS/APWU National Agreement Article 38.5.D and the JCIM which was not complied with by Kathy Borg. Several other employees at that time gained such promotions while I lost seniority bids, and higher level pay due to the fact she neglected to send in the necessary forms to process my score causing it to take a [sic] 136 days.

On the form summons that Plaintiff submitted to the state court with her Complaint, Plaintiff indicated that her claim is based on an alleged breach of contract, but Plaintiff failed to submit a copy of the contract that she alleges the Defendants breached.

On April 15, 2008, Potter moved to dismiss and Borg later joined in Potter's motion. Defendants' motion is unopposed by Plaintiff.

**II.    STANDARD OF REVIEW**

The current case is dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because this Court lacks jurisdiction over the breach of contract claim alleged in the Complaint and under Fed. R. Civ. P. 12(b)(6) because the allegations in the Complaint demonstrate that Plaintiff has failed to state a claim upon which relief may be granted.

   A.    Fed. R. Civ. P. 12(b)(1) Motion to Dismiss

Upon a Fed. R. Civ. P. 12(b)(1) motion addressing the existence of subject matter jurisdiction over a plaintiff's complaint, "no presumptive truthfulness attaches to a plaintiff's allegations." Martinez v. U.S. Post Office, 875 F. Supp. 1067, 1070 (D.N.J. 1995) (citing Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). "Accordingly,

unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) jurisdiction-type motion need not be limited; conflicting written and oral evidnce may be considered and a court may 'decide for itself the factual issues which determine jurisdiction." Id. (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)). "When resolving a factual challenge, the court may consult materials outside the pleadings, and the burden of proving jurisdiction rests with the plaintiff." Med. Soc'y of N.J. v. Herr, 191 F. Supp. 2d 574, 578 (D.N.J. 2002) (citing Gould Elecs. Inc. v. United States, 220 F.3d 169, 176, 178 (3d Cir. 2000)). "Where an attack on jurisdiction implicates the merits of plaintiff's [F]ederal cause of action, the district court's role in judging the facts may be more limited." Martinez, 875 F. Supp. at 1071 (citing Williamson, 645 F.2d at 413 n.6).

     B.    Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond a doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In Bell Atl. Corp. v. Twombly, the Supreme Court of the United States clarified the Fed. R. Civ. P. 12(b)(6) standard. See 127 S.Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Twombly, 127 S.Ct. at

1968 (citing Conley, 355 U.S. at 45-46). Instead, the Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965.

## III.   DISCUSSION

The current case – which is based on an alleged breach of contract – fails because Plaintiff had no contract with either of the Defendants. Plaintiff's reference in the Complaint to the "USPS/APWU National Agreement" plainly refers to the collective bargaining agreement ("CBA") between the United States Postal Service ("USPS") and the American Postal Workers Union, AFL-CIO (the "Union"). Plaintiff's reference in the Complaint to the "JCIM" apparently refers to the Joint Contract Interpretation Manual for the CBA.[2]  Plaintiff has not alleged that she entered into a contract with Defendants because Plaintiff was not a party to the CBA. Therefore, Plaintiff has no standing to sue for any alleged breach of the CBA.

Moreover, it is a well-established principle of labor law that a union and its members must exhaust the remedies provided in their collective bargaining agreement before seeking judicial intervention. See Vaca v. Sipes, 386 U.S. 171, 184-85 (1967); Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005). Thus, any alleged breach of the CBA must be grieved by the Union through the grievance-arbitration process provided for in the contract in the first instance. See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220-21 (1985). A party to the CBA may only seek to invoke the jurisdiction of the federal district court to set aside an award after an arbitrator has ruled. See, e.g., Am. Postal Workers Union, AFL-CIO v. U.S. Postal Serv., 126 F.

---

[2] The CBA and the Joint Contract Interpretation Manual are publicly available on the website hosted by the American Postal Workers Union, AFL-CIO. See www.apwu.org.

4

Supp. 2d 1, 5 (D.D.C. 2000). Here, such is not the case. Therefore, Plaintiff's breach of contract claim against the Defendants, which is the only claim alleged in the complaint,[3] must be dismissed.

In addition, this Court is cognizant of the leniency given to *pro se* litigants. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Albinson, 356 F.3d 278 (3d Cir. 2004). Even with a more lenient reading of Plaintiff's Complaint, however, it is apparent on its face that no relief may be granted.

## IV.  CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motion to dismiss is **granted**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
 Dennis M. Cavanaugh, U.S.D.J.

Date:   June  26 , 2008
cc:   All Counsel of Record
   Hon. Claire C. Cecchi, U.S.M.J.
   File

---

[3] Even if the Plaintiff intended to bring a tort claim against the Defendants instead of a breach of contract claim, her complaint must still be dismissed. The Federal Tort Claims Act ("FTCA") requires a plaintiff to exhaust her administrative remedies before filing a lawsuit. See 28 U.S.C. §§ 1346(b), 2401(b), 2671 *et seq*. Furthermore, the only proper defendant in an FTCA case is the United States of America.